**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION**

| | | |
|---|---|---|
| **JOSEPH EMUAGBONRIE** | ) | |
| | ) | |
| **v.** | ) | **3-06-CV-1907-R** |
| | ) | **(3-04-CR-315-R)** |
| **UNITED STATES OF AMERICA** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a motion for habeas corpus relief filed by a Federal inmate pursuant to 28 U.S.C. § 2255.

**Statement of the Case**: Upon his plea of not guilty to the charges alleged in the indictment returned in 3-04-CR-315-R Emuagbonrie was tried by a jury which returned a verdict of guilty on each count.  Thereafter he was assessed a term of 45 months incarceration followed by a period of supervised release.  He appealed his conviction and on July 27, 2006, the Fifth Circuit affirmed his conviction.  Thereafter he filed the instant motion on October 13, 2006.  In response to this motion and this court's show cause order the government filed its response on December 18, 2006.  Thereafter Movant filed his reply to the government's response to January 16, 2006.

**Findings and Conclusions**: Movant alleges that he was denied the effective assistance of counsel by his trial attorney.  In his accompanying memorandum brief he alleges numerous failures

and omissions, both pretrial and in the course of his criminal trial.

Ineffective assistance of counsel claims are governed by the standard set out in the Supreme Court's decision in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984). In order to be entitled to relief a habeas applicant must overcome the strong presumption that an attorney's conduct falls within the wide range of reasonable professional assistance, <u>Id.</u> at 689, 104 S.Ct. at 2065. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u>

Demonstration of constitutionally defective counsel entails two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. [i.e. "cause"]. Second, the defendant must show that the deficient performance prejudiced the defense [i.e. "prejudice"] ... Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." <u>Id.</u> at 687, 104 S.Ct. at 2064. If a defendant fails to establish either prong of the two-part test, relief should be denied. <u>Id.</u> at 697, 104 S.Ct. at 2069.

The magistrate judge has carefully reviewed the claims asserted by Emuagbonrie. Succinctly stated they merely consist of speculation and second guessing of the efforts pursued by his attorneys in their preparation for trial and their trial tactics. In order to show prejudice a movant has the burden of establishing a reasonable probability that the outcome would have been different, that is, a probability sufficient to undermine confidence in the jury's guilty verdicts. See <u>Strickland</u> at 694, 104 S.Ct. 2068.

Although Emuagbonrie speculates that his attorneys may not have received Jencks Act statements and other discovery to which a defendant is entitled, he has presented nothing to suggest that the government did not comply with its obligations pursuant to the District Court's order of October 15, 2004.

With respect to the investigation which he claims that counsel should have pursued, no basis for relief is presented since he has failed to allege with "specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Lockett v. Anderson, 230 F.3d 695, 713 (5th Cir. 2000). Further, absent a showing of the results which such investigations would have disclosed, he cannot show any prejudice arising from such omissions. Finally, since it is clear that none of Movant's fingerprints appeared on the recovered altered postal money orders and since counsel vigorously cross-examined the eyewitness, Adrienne Thomas, he can neither demonstrate cause or prejudice with respect to these assertions.

It is self-evident that testimony presented with respect to the perpetration of fraud using altered money orders was part and parcel to the conspiracy in which Movant engaged and any objection made on the basis of relevancy would have been frivolous. Similarly, a motion to dismiss the indictment would have been wholly lacking in merit.

Insofar as Movant attacks his counsels' closing argument, the court has reviewed the same and finds that the presumption of competence has not been rebutted.

Two claims asserted by Emuagbonrie warrant further comment. With respect to his in-court identification as the purchaser of 70 money orders at the Irving, Texas, Main Post Office made by Ms. Thomas, he has not included a copy of the photo spread from which she selected his picture. Therefore, he has failed to show that the out-of-court identification procedure was unduly

3

suggestive. Moreover, even if that were the case, Ms. Thomas's testimony at trial demonstrates that it would not have given rise to a very substantial likelihood of misidentification, given the multiple occasions she saw Emuagbonrie at the postal facility. See Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971 (1968). Therefore, any motion to suppress her in-court identification would have been futile.

Movant has attached an affidavit of his employer on May 28, 2004, Victor Osobase Emuakhagbon, to his motion. In his affidavit executed on September 27, 2006, he represents that Movant could not have been at the Irving post office on May 28, 2004. Although an alibi witness is frequently called to support a defense of misidentification by a prosecution witness, an alibi defense is weakened when the witness is unable to pinpoint the whereabouts of a defendant at the time of the occurrence in question. It is clear that Mr. Emuakhagbon's affidavit does not account for Movant's whereabouts all during the day of May 28, 2004, as he states that Emuagbornie was "working as a driver and mail man that takes the company's mail to various post offices..." Therefore, his statement is insufficient to undermine confidence in the jury's determination that Movant was guilty as charged.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the motion be denied.

A copy of this recommendation shall be transmitted to Movant and counsel for the

government.

SIGNED this 5th day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.